IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO VELASQUEZ,

    Plaintiff,                          No. CIV 2:11-cv-1019-GEB-JFM

    vs.

CHASE HOME FINANCE LLC, *et al.*,    <u>ORDER AND</u>

    Defendants.                     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        This matter is before the court on defendants' motion to dismiss and on plaintiff's motion to determine venue, motion for leave to file a first amended complaint and motion to remand. All four motions are scheduled for hearing on August 4, 2011. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of these matters shall be vacated. Local Rule 230. Upon review of the motions and documents filed in support and opposition, THE COURT FINDS AS FOLLOWS:

FACTUAL AND PROCEDURAL BACKGROUND

        This action arises from foreclosure proceedings initiated against real property located at 426 Idora Avenue, Vallejo, California 94591 ("the Property"). On October 28, 2003, plaintiff obtained a mortgage for $173,000.00 secured by the Property.[1] Req. for Judicial Notice

---

[1] Defendants filed a request for judicial notice in support of their motion to dismiss. Defendants submit multiple documents, including a copy of the deed of trust ("DOT")

("RJN"), Ex. 1.  A Deed of Trust ("DOT") was recorded on November 7, 2003 with the Solano County's Official Records office.  Id.  On February 13, 2009, a Notice of Default and Election to Sell Under DOT was recorded.  Id., Ex. 2.  On March 23, 2009, a Substitution of Trustee was recorded.  Id., Ex. 3.  On May 18, 2009, a Notice of Trustee's Sale was recorded.  Id., Ex. 4.

This is plaintiff's fourth judicial action related to the Property against defendants Chase Home Finance LLC ("Chase") and Federal National Mortgage Association ("Fannie Mae").  Plaintiff, proceeding pro se and in forma pauperis, first filed suit on June 1, 2009 in the Northern District of California against Chase (case No. 3:09-cv-2409-WHA).  See RJN, Ex. 5.  Chase filed a motion to dismiss, but prior to the district court's consideration of the motion, plaintiff filed a request to withdraw the complaint.  Id.  On August 19, 2009, the Honorable William Alsup granted the request and dismissed the action.  Id.

On April 16, 2010, plaintiff filed his second suit in the Northern District of California against both defendants (case No. 3:10-cv-1641-SI) ("Velasquez I").  RJN, Ex. 7.  On June 14, 2010, plaintiff filed a first amended complaint ("FAC").  Id., Ex 7.  The FAC set forth the following causes of action: (1) loan reduction; (2) discrimination against a home owner; (3) quiet title; (4) conspiracy to defraud; (5) fraud-concealment; (6) breach of fiduciary duty; (7) damages; (8) fraudulent misrepresentation; (9) wrongful attempt to foreclose; (10) breach of contract and implied covenant of good faith and fair dealing; (11) unlawful business practice; (12) declaratory and injunctive relief; (13) rescission pursuant to the Truth in Lending Act ("TILA"), 12 U.S.C. § 1601, *et seq.*; and (14) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*  Id.  Defendants filed a motion to dismiss the FAC.  See id., Ex. 7.

---

encumbering the Property; a copy of the Notice of Default in connection with the DOT; a copy of the substitution of trustee and various court orders in cases filed by plaintiff against defendants.  A court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment.'"  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (quoting MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)).  Accordingly, defendants request will be granted.

1  On August 11, 2010, the Honorable Susan Illston granted defendants' motion
2 with leave to amend eleven of the fourteen claims. RJN, Ex. 7. Judge Illston dismissed with
3 prejudice plaintiff's causes of action for discrimination against homeowner, damages and TILA
4 violations. Id.

5  On August 26, 2010, plaintiff filed a second amended complaint ("SAC") without
6 correcting the deficiencies noted in Judge Illston's August 11, 2010 order. RJN, Ex. 8.
7 Defendants filed a motion to dismiss the SAC. Id., Ex. 9. On January 10, 2011, Judge Illstron
8 granted the motion with prejudice for failure to state a claim. Id., Ex. 9. Judgment was entered
9 accordingly. Id., Ex. 10. On January 12, 2011, plaintiff filed a notice of appeal.

10  On January 19, 2011, plaintiff initiated an adversary proceeding against defendant
11 Chase in United States Bankruptcy Court, Northern District of California, Bankruptcy Case No.
12 08-31219DM, Adversary Proceeding No. 11-3006DM. RJN, Ex. 12. In his prayer for relief,
13 plaintiff sought an order directing Chase to grant plaintiff a loan modification. Id. at 3. On
14 February 24, 2011, the Bankruptcy Court dismissed the Adversary Proceeding for lack of subject
15 matter jurisdiction. Id., Ex. 13.

16  On February 23, 2011, plaintiff filed the underlying complaint in the Solano
17 County Superior Court ("the instant action"). Therein, plaintiff alleges that defendants denied
18 his request to reduce the amount of his existing home loan, refused to sell the property to
19 plaintiff at the same price they were willing to sell it to a third-party in a short sale and
20 wrongfully opted to foreclose on the Property. The instant action is based on (1) consumer
21 fraud; (2) common law fraud; (3) unjust enrichment; (4) violation of the Fair Debt Collection
22 Practices Act, 15 U.S.C. § 1692, *et seq.*; (5) negligence; (6) breach of implied warranties; (7) set
23 aside and vacate trustee's sale; (8) violation of TILA; (9) violation of RESPA; (10) promissory
24 estoppel; (11) declaratory relief; (12) action for an accounting; (13) injunctive relief and
25 disgorgement; and (14) application for temporary restraining order.
26 /////

1  On April 15, 2009, defendants removed the action to this court. On April 25,
2  2011, defendants filed the instant motion to dismiss.
3  On June 1, 2011, plaintiff filed a first amended complaint in which he sought to
4  dismiss his federal claims and have this action remanded to state court. See Doc. No. 11. On
5  June 14, 2011, defendants filed a motion to dismiss the first amended complaint. Pursuant to
6  Federal Rule of Civil Procedure 15(a) and Local Rule 137(c), the undersigned dismissed
7  plaintiff's amended complaint and defendants' amended motion to dismiss was denied as moot.
8  On July 6, 2011, plaintiff filed three motions: (1) motion to determine venue, (2)
9  motion for leave to file a first amended complaint and (3) motion to remand the first amended
10 complaint.
11 On July 7, 2011, plaintiff filed an opposition to defendants' motion to dismiss.
12 On July 21, 2011, defendants filed an opposition to plaintiff's motions.

## STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

/////

1    The court is permitted to consider material properly submitted as part of the
2  complaint, documents not physically attached to the complaint if their authenticity is not
3  contested and the complaint necessarily relies on them, and matters of public record. <u>Lee v. City
4  of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include
5  pleadings and other papers filed with a court. <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d
6  1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations,
7  unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Council v. Watt</u>,
8  643 F.2d 618, 624 (9th Cir. 1981).

9                                      DISCUSSION

10    Defendants seek dismissal of plaintiff's complaint on res judicata grounds.
11  Alternatively, defendants seek dismissal for failure to state a claim. For the reasons set forth
12  below, the court recommends that defendants' motion to dismiss be granted and this action be
13  dismissed with prejudice.

14    "Res judicata, also known as claim preclusion, bars litigation in a subsequent
15  action of any claims that were raised or could have been raised in the prior action." <u>Western
16  Radio Servs. Co. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine is applicable
17  whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity
18  or privity between parties." <u>Id.</u> An identity of claims exists if the two actions arise out of the
19  same transactional nucleus of facts. <u>Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes</u>,
20  323 F.3d 767, 770 (9th Cir. 2003).

21    1.    <u>Identity of Claims</u>

22    Upon review of plaintiff's complaint in the instant action and <u>Velasquez I</u>, it is
23  evident that there is an identity of claims between the actions. The court examines "four factors
24  to determine whether there is an identity of claims: (1) whether the two suits arise out of the
25  same transactional nucleus of facts; (2) whether rights or interests established in the prior
26  judgment would be destroyed or impaired by prosecution of the second action; (3) whether the

two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." ProShipLine Inc. v. Aspen Infrastructures Ltd., 594 F.3d 681, 688 (9th Cir. 2010) (emphasis omitted). "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." Id. at 688-89 (citations, quotation marks and emphasis omitted).

Here, the undersigned finds that the two lawsuits arise from the same transactional nucleus of facts. The claims and factual allegations at issue in Velasquez I and those alleged here all relate to foreclosure proceedings initiated against the Property and plaintiff's attempt to rescind the mortgage and/or obtain a loan modification.

In addition, the rights and interests established in Velasquez I would be destroyed or impaired by prosecution of this action. Velasquez I concluded that plaintiff failed to state a claim as a matter of law as to any of his causes of action related to foreclosure proceedings initiated against the Property. Permitting prosecution of the instant action, which raises these same issues, would plainly eviscerate the rights and interests established in Velasquez I.

Furthermore, the two lawsuits involve the infringement of the same rights. In both actions, plaintiff alleged that he was wrongfully deprived of a loan modification and that defendants conspired to fraudulently foreclose on the Property.

Finally, although evidence was not submitted in Velaquez I due to the fact that the action was dismissed at the pleading stage, the fact that the allegations at issue in the two actions are essentially identical demonstrates that substantially the same evidence would be presented relevant in both actions.

Following review of the relevant factors, the undersigned concludes that Velaquez I and the instant action present identical issues.

    2.    Final Judgment on the Merits

As to the second claim preclusion element, the judgment in Velaquez I, which

6

1  dismissed plaintiff's complaint for failure to state a cognizable claim constitutes a "final
2  judgment on the merits." The Ninth Circuit Court of Appeals has held that dismissals entered
3  pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief
4  can be granted is a "judgment on the merits" to which the doctrine of claim preclusion applies.
5  Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002) (citing Federated Dep't Stores v.
6  Moitie, 452 U.S. 394, 399 n. 3 (1981)); accord Gasho v. United States, 39 F.3d 1420, 1438 n.17
7  (9th Cir. 1994).

8        In his opposition to defendants' motion to dismiss, plaintiff argues only that the
9  judgment in Velasquez I should be deemed void because venue was improper in the Northern
10 District of California.² This argument lacks merit. Venue is not a jurisdictional requirement.
11 See Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 154-55 (1939). Because it is for
12 the convenience of litigants, it is a personal privilege of the defendants and can be waived by
13 them. Id. In Velasquez I, defendants waived the privilege by failing to object for improper
14 venue when they filed their motion to dismiss. See Fed. R. Civ. P. 12(b)(3), 12(h)(1).

15       3.    Identity or Privity Between the Parties

16       Regarding the last element of the claim preclusion doctrine, there is no question
17 that there is an identity of parties between the earlier actions and the present one. See Cell
18 Therapeutics, Inc., 586 F.3d at 1212.

19       Based on the foregoing, the undersigned concludes that the doctrine of claim
20 preclusion applies to plaintiff's lawsuit and this action should be dismissed with prejudice.
21 Because the court finds dismissal is warranted on this ground, it declines to consider defendants'
22 alternative argument that plaintiff fails to state a claim as to each individual cause of action.

23       Additionally, for the reasons set forth above, plaintiff's motion to determine

---

² Plaintiff also attaches to his opposition correspondence between himself and defendants concerning attempts to informally resolve this matter. The court agrees with defendants that these exhibits are not subject to judicial notice or otherwise appropriate for consideration on this motion to dismiss.

venue, motion for leave to file an amended complaint and motion to remand will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The August 4, 2011 hearing is vacated;

2. Plaintiff's motion to determine venue is denied;

3. Plaintiff's motion to file an amended complaint is denied;

4. Plaintiff's motion to remand is denied;

5. The initial scheduling conference set for September 15, 2011 is vacated; and

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be granted with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 1, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;vela1019.jo(2)

8